124 F.3d 210
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bogdan BABINSKI; Miroslawa Babinski; Martyna Babinski, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70041.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997**
Sept. 29, 1997.
 
 1
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Bogdan Babinski, Miroslawa Babinski, and Martyna Babinski ("petitioners"), natives and citizens of Poland, petition for review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the immigration judge's denial of their application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 4
 Factual findings underlying the BIA's decision are reviewed for substantial evidence, and the BIA's determination should not be reversed absent compelling evidence of persecution. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995) (citing INS v. Elias-Zacarias, 502 U.S. 478, 480-81 (1992)).
 
 
 5
 Petitioners contend that they have sustained their burden of establishing past persecution or a well-founded fear of future persecution on account of political opinion. We disagree.
 
 
 6
 To be eligible for asylum, an applicant must show either "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994). To establish a well-founded fear of future persecution, the alien must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993).
 
 
 7
 Assuming that petitioners have established past persecution and are thereby entitled to a presumption of future persecution, that presumption has been rebutted by the changed conditions in Poland See 8 C.F.R. § 208.13(b)(1)(i)
 
 
 8
 While petitioners contend that there is substantial evidence to establish a well-founded fear of future persecution, the BIA properly considered the changed country conditions in Poland, as evidenced by the 1990 State Department Country Report ("the Report"). See Ghaly v. INS, 58 F.3d 1425, 1429-30 (9th Cir.1995); see also Kazlauskas, 46 F.3d at 906 (stating that the State Department Country Report provides the most appropriate and perhaps the best resource for information on political situations in foreign nations). The Report stated that since 1990, Poland has been transformed into a functioning democracy, headed by the former leader of Solidarity. Also, there has been significant and sustained human rights progress, and violence by the Polish armed forces and internal police apparatus has been halted.
 
 
 9
 In response, petitioners state only their belief that there are still Communist representatives in the government, that the security forces are still in control, and that they would be detained upon return because of their anti-Communist views. Petitioners have failed to submit any supporting evidence to controvert the conclusions noticed by the BIA in the Report. See 8 C.F.R. § 208.11(d); cf. Vallecillo-Castillo v. INS, No. 95-70020, slip op. 8951, 8960 (9th Cir. amended July, 30, 1997). Although petitioners may have a subjective fear of persecution, there is substantial evidence in the record to support the BIA's conclusion that they have failed to demonstrate that their fear is objectively reasonable. See Acewicz, 984 F.2d at 1061.
 
 
 10
 Finally, petitioners contend that they have suffered past persecution and disproportionately severe punishment that would justify relief on humanitarian grounds. This contention lacks merit.
 
 
 11
 For humanitarian reasons, the BIA may grant asylum if the "applicant or his family has suffered 'under atrocious forms of persecution,' even [if] there is little likelihood of future persecution." Acewicz, 984 F.2d at 1062. "[P]ersecution can result from resisting conscription for reasons of conscience or refusing to comply with military orders after induction because they violate standards of human decency." Barraza Rivera v. INS, 913 F.2d 1443, 1451 (9th Cir.1990).
 
 
 12
 Here, petitioner Bogdan credibly testified that he was drafted into the Polish army and was sent to a penalty battalion for refusing to swear loyalty to the Communist government and refusing to carry out orders to gun down demonstrators. However, he was never forced to choose between engaging in inhuman conduct or face: death himself. Cf. id. at 1453. Rather, he was only detained for one to two months and then eventually returned to military service to resume normal duties. Therefore, petitioner Bogdan has not suffered atrocities that would justify relief on humanitarian grounds. See Acewicz, 984 F.2d at 1062.
 
 
 13
 Because petitioners failed to demonstrate eligibility for asylum, they also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Aruta v. INS, 80 F.3d 1389, 1396 (9th Cir.1996).
 
 
 14
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, petitioners' request for oral argument is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3